UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMAURY URENA,

                Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                Defendants.

25-CV-0514 (LTS)

ORDER DIRECTING AMENDED
IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at the George R. Vierno Center on Rikers Island, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request permission to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.[1] *See* 28 U.S.C. § 1915(b)(1).

      Plaintiff submitted an IFP application, but it is incomplete as Plaintiff has written "N/A" in response to most questions. For example, in response to a question about whether he has any money in an inmate account, Plaintiff writes "N/A." (ECF 2 at 2.) The Court therefore directs Plaintiff, within 30 days of the date of this order, to either pay the $405.00 in fees or to fully

---

[1] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

complete and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 25-CV-0514 (LTS).[2]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: January 21, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[2] It appears from review of public records that Plaintiff had a prior action that settled in October 2024. *See Urena v. City of New York*, No. 1:22-CV-4679, 59 (S.D.N.Y. Oct. 29, 2024). The IFP application requests information about income "from any source" during the past 12 months, and any income from a settlement during this period must therefore be included.

[3] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.