UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMAURY URENA,

                      Plaintiff,

-against-

THE CITY OF NEW YORK; DR. MCCRIMONS,

                      Defendants.

25-CV-0514 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who currently is incarcerated at the George R. Vierno Center on Rikers Island, brings this action *pro se*. Plaintiff asserts claims, under 42 U.S.C. § 1983, for a violation of his federal constitutional rights under the Fourth and Fourteenth Amendments. By order dated May 22, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint with leave to replead.

**STANDARD OF REVIEW**

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint.[2] On December 12, 2023, at approximately 9:00 p.m. at St. Barnabas Hospital, Dr. McCrimons informed Plaintiff that he would be drawing Plaintiff's blood "to search it." (ECF 1 at 4.) Plaintiff refused the procedure and did not consent to the blood withdrawal. Dr. McCrimons indicated that if Plaintiff did not comply, the blood would be forcibly taken. Dr. McCrimons proceeded to draw Plaintiff's blood without consent.

Plaintiff asserts claims, under 42 U.S.C. § 1983, for a violation of his federal constitutional rights under the Fourth and Fourteenth Amendments. He sues the City of New York and Doctor McCrimons, seeking damages of $10,000,000.[3]

## DISCUSSION

**A.    Short and plain statement of claim**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Plaintiff has other pending suits in which the City of New York has moved to dismiss, arguing that Plaintiff signed a General Release on November 1, 2024, for claims against the City of New York and its agents for claims arising prior to that date. *See*, *e.g.*, *Urena v. The City of New York*, No. 25-CV-0512 (JPC) (GS) (S.D.N.Y.) (motion to dismiss based on general release pending); *Urena v. The City of New York*, No. 24-CV-01880 (JAV) (JW) (S.D.N.Y.) (same). Because Plaintiff alleges that the claims in this complaint arose in December 2023, his claims against the City of New York and its agents may be governed by the General Release.

2

well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff has not provided sufficient factual allegations to allow the court to determine whether he states a plausible claim for relief. Plaintiff has not included any facts about the circumstances in which Defendants were attempting to draw his blood, and whether there was a medical emergency or some other situation. Moreover, Saint Barnabas Hospital (SBH) is a not operated by the City of New York, and there are no facts about why the City of New York is named as a defendant. Plaintiff's complaint thus does not comply with Rule 8. Plaintiff's allegations against the City of New York are therefore be dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

As set forth below, the Court grants Plaintiff leave to amend his complaint. If Plaintiff chooses to file an amended complaint and names the City of New York, Plaintiff must allege facts sufficient to establish municipal liability. When a plaintiff sues a municipality such as the City of New York under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or

'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.[4] *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Thus, if Plaintiff sues the City of New York in his amended complaint, Plaintiff must plead facts satisfying this standard.

**B.     Claims against Dr. McCrimons**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). A private physician under contract to provide medical services to prisoners acts under color of law for purposes of Section 1983 when undertaking duties in treating prisoners. *West v. Atkins*, 487 U.S. 42, 54 (1988).

---

[4] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

Here, Plaintiff sues Dr. McCrimons for drawing Plaintiff's blood at Saint Barnabas Hospital, a private non-profit entity that is not operated by the City of New York. Plaintiff has not alleged facts about whether he was in custody at the time of the events giving rise to his claims and, if so, whether Dr. McCrimons was treating him on behalf of government authorities. Because the complaint does not allege that Dr. McCrimons works for the government, or any facts suggesting that he was carrying out a government function, the facts alleged are insufficient to plead that Defendant McCrimons is a state actor. Plaintiff therefore has not stated a claim against Defendant McCrimons under Section 1983.

C.   **State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

D.   **Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

5

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid federal claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

E.      **Referral to SDNY Federal Pro Se Legal Assistance Project**

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be

scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.[5]

## CONCLUSION

Plaintiff's claims under 42 U.S.C. § 1983 are dismissed, 28 U.S.C. § 1915(e)(2)(B)(ii), and the Court declines supplemental jurisdiction of his state law claims, 28 U.S.C. § 1367(c)(3). The Court grants Plaintiff 60 days' leave to file an amended complaint.

If Plaintiff chooses to file an amended complaint, it must be submitted to the Pro Se Intake Unit within 60 days of the date of this order, be captioned as an "Amended Complaint," and be labeled with docket number 25-CV-0514 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff does not file an amended complaint within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court directs the Clerk of Court to hold this matter open on the docket until judgment is entered.

SO ORDERED.

Dated:   August 11, 2025
         New York, New York

                                        _____Louis L. Stanton_____
                                            Louis L. Stanton
                                                 U.S.D.J.

---

[5] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name          Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City          State          Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

**IV.     DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: _____
First Name                    Last Name                    Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                    Zip Code

Defendant 2: _____
First Name                    Last Name                    Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                    Zip Code

Defendant 3: _____
First Name                    Last Name                    Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                    Zip Code

Defendant 4: _____
First Name                    Last Name                    Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                    Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## HOW TO ACCESS OUR SERVICES

For assistance, please reach out to us via mail at:

**Thurgood Marshall Federal Courthouse**
**CBJC Pro Se Legal Assistance Project**
**40 Foley Sq LL22**
**New York, NY 10007.**

Upon receipt of your letter, we will follow up with application materials.



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self- represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project **assists incarcerated litigants** on a variety of federal legal issues, including 1983 matters, civil rights cases, and others.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist individuals by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court